LAW OFFICES OF VALERIE ROSS
VALERIE ROSS, SB 87664
14318 California Avenue, #101
Victorville, CA 92392
Tel. (760) 900-8248
valerierosslaw@gmail.com

CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
LAW OFFICES OF BONNER & BONNER
475 Gate Five Road, Suite 211
Sausalito, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner@bonnerlaw.com
cabral@bonnerlaw.com

Attorneys for Plaintiff Eric Bahra

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BAHRA,<br><br>         Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, *et al.*,<br><br>         Defendants. | Case No. 5:16-cv-01756-JGB-SPx<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES PURSUANT TO CAL. LABOR CODE § 1102.5 AND CAL. CODE OF CIV. PRO. § 1021.5<br><br>Date:     November 29, 2021<br>Time:     9:00 A.M.<br>Crtrm:    1<br><br>Trial Date: July 6, 2021<br><br>Judge:    Honorable Jesus G. Bernal |

TO THE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 29, 2021 at 9:00 A.M. or as soon thereafter as the motion may be heard in Courtroom 1 of the above-entitled court, located at 3470 Twelfth Street, Riverside, CA 92501, Plaintiff Eric Bahra will move this Court for an order granting reasonable attorney's fees and costs.

The motion is supported by Cal. Labor Code § 1102.5 which has been amended to explicitly allow for attorney's fees. While this case was filed before the new version of 1102.5 went into effect, statutes increasing or decreasing allowable litigation costs, even if silent concerning retroactivity, have been consistently applied to cases pending when the statutes became effective. *Harbor View Hills Cmty. Ass'n v. Torley* (1992) 5 Cal.App.4th 343, 347.

This motion is also brought pursuant to the Private Attorney General Doctrine, codified at Cal. Code of Civ. Pro. § 1021.5, which provides in essence that a "successful" party may be awarded attorney fees against one or more opposing parties in a civil action which results in the enforcement of an important right affecting the public interest.

DATED:  October 25, 2021                              Respectfully submitted,


                                                                  */S/ A. Cabral Bonner*
                                                                  A. Cabral Boner
                                                                  Attorney for Plaintiff

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES .......................................................................................... ii

I.     INTRODUCTION ....................................................................................................1

III.   PROCEDURAL HISTORY .....................................................................................1

IV.   ARGUMENT...........................................................................................................2

    **A.   ERIC BAHRA IS ENTITLED TO ATTORNEYS FEES UNDER BOTH CAL. LABOR CODE § 1102.5 AND CAL. CODE OF CIV. PRO. § 1021.5**...................................2

        1.   The Attorney's Fees Provision of Cal Labor Code § 1102.5 Applies to this Case .........2

        2.   Section 1021.5 Attorney's Fees Are Reasonably Deserving Given the Lawsuit's Enforcement of An Important Right Affecting The Public Interest ........................................4

    **B.   SUMMARY OF BACKGROUND, EXPERIENCE, RATES AND LODESTAR SOUGHT** ...................................................................................................................9

        1.   The Appropriate Total Lodestar Figure in This Case ...................................................10

        2.   The Requested Hourly Rates Are Appropriate ............................................................10

        3.   Experience of Plaintiffs' Attorneys ...............................................................................11

        4.   Plaintiff's Evidence Sufficiently Establishes the Local Market Rates for Similar Services...............................................................................................................................13

        5.   The Number of Hours Claimed Is Reasonable ............................................................16

        6.   Loadstar Multiplier Requested......................................................................................18

    **C.   ERIC BAHRA IS ENTITLED TO COSTS**...........................................................20

V.    CONCLUSION......................................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388 ............................................ 3

*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal. 2d 450 ........................................ 4

*Bahra v. Cty. of San Bernardino* (9th Cir. 2019) 945 F.3d 1231 ........................................ 2, 7

*Bahra v. Cty. of San Bernardino* (C.D.Cal. May 17, 2018, No. EDCV 16-1756 JGB (SPx)) 2018 U.S.Dist.LEXIS 228068 .......................................................... 8

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ........................................ 11, 12

*Beasley v. Wells Fargo Bank* (1991) 235 Cal.App.3d 1407 ........................................ 8, 9, 10

*Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) ........................................ 21

*Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989) ........................................................ 19

*Blum v. Stenson*, 465 U.S. 886, 895 (1984) ................................................................ 16

*Bradley* v. *Richmond School Board* (1974) 416 U.S. 696 ................................................ 4

*Caldera v. Department of Corrections & Rehabilitation* (2020) 48 Cal.App.5th 601 ................................................................................................................ 14

*California Housing Finance Agency v. E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508 ........................................................................................ 4, 5

*City of Oakland v. Oakland Police & Fire Retirement System* (2018) 29 Cal.App.5th 688 ............................................................................................ 10

*Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 154-157 ........................ 10

*Conservatorship of Whitley* (2010) 50 Cal.4th 1206 ........................................ 5, 8, 9, 10

*Environmental Protection Information Center v. Department of Forestry & Fire Protection* (2010) 190 Cal.App.4th 217 ........................................................ 6

*Harbor View Hills Cmty. Ass'n v. Torley* (1992) 5 Cal.App.4th 343, 347 .......... 1, 3, 5

*Hewlett v. Squaw Valley Ski Corp.* (1997) 54 Cal.App.4th 499 ................................ 6

*Horsford v. Board of Trustees of California State University*, 132 Cal.App.4th 359, 396 (2005) ............................................................................................ 21

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 708-10 (3d Cir. 2005) ................. 16

*Ketchum v. Moses* (2001) 24 Cal.4th 1122 ........................................................ 11, 21

*Kievlan v. Dahlberg Electronics, Inc.* (1978) 78 Cal. App. 3d 951 ........................ 3, 4, 5

*Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 241 U.S. App. D.C. 11 (D.C. Cir. 1984) ................................................................................................................ 16

*Los Angeles Police Protective League v. City of Los Angeles*, (1986) 188 Cal.App.3d 1 ............................................................................................ 9

*Marini v. Municipal Court* (1979) 99 Cal. App. 3d 829 ........................................ 6

*McKibben v. McMahon*, 2019 U.S. Dist. LEXIS 34110, *40-41 (C.D. Cal. Feb. 28, 2019) ................................................................................................................ 17

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ........................ 12

*Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860 ........................................ 2, 8

*N.C. All. for Transp. Reform, Inc. v. United States DOT*, 168 F. Supp. 2d 569, 579

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

(M.D.N.C. 2001) ....................................................................... 16

*Olson v. Hickman* (1972) 25 Cal. App. 3d 920 .................................. 3, 4, 5

*Record v. Indemnity Ins. Co.* (1951) 103 Cal. App. 2d 434 ...................... 3

*Robles v. Employment Development Dept.* (2019) 38 Cal.App.5th 191 .................................. 7, 8

*Sandler Partners, LLC v. Masergy Communs., Inc.*, 2020 U.S. Dist. LEXIS
  246269, at *8 (C.D. Cal. Sep. 30, 2020) ....................................... 20

*Serrano v. Priest* (1977) 20 Cal.3d 25 ........................................ 11

*Serrano v. Unruh* (1982) 32 Cal.3d 621 ........................................ 7

*Smith v. County of Riverside* (C.D.Cal. June 17, 2019, No. EDCV 16-227 JGB
  (KKx)) 2019 U.S.Dist.LEXIS 170421, at *5.) .................................. 17

*Stockton Theatres, Inc. v. Palermo* (1956) 47 Cal.2d 469 ...................... 3, 4

*Stokus v. Marsh* (1990) 217 Cal. App. 3d 647, 654-56 ......................... 19

*Taswell v. Regents of University of California* (2018) 23 Cal.App.5th 343 .................................. 2, 8

*Wallace v. Consumers Coop. of Berkeley* (1985) 170 Cal. App. 3d 836, 846-49 ..................... 19

*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal. 3d 917 ............................ 4

## STATUTES

42 U.S.C. § 1983 ............................................................... 2, 11

42 U.S.C.S. § 1988 ............................................................. 11

Cal. Code of Civ. Pro. 1021.5 ............................................... passim

Cal. Labor Code § 1102.5 .................................................... 1, 5, 7

Health and Safety Code § 51205 ................................................ 4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Eight years after the County terminated Mr. Bara's employment, following seven (7) days of trial, the Jury unanimously announced that Eric Bahra was a whistleblower when he informed his managers of a systemic failure in the operation, maintenance, and monitoring of the CMS database system that resulted in children being placed in the home of known abusers. Further, the Jury confirmed that the County terminated Mr. Bahra's employment because he disclosed these system-wide failures. Mr. Bahra's lawsuit was not simply for personal gain, rather, the lawsuit aimed to shine a bright light on failures that endanger all foster children. Additionally, Mr. Bahra's litigation created a Published Opinion in the Ninth Circuit, creating new law regarding the impact of an unsuccessful civil service hearing on a whistleblower's ability to bring a civil action. *Bahra v. County of San Bernardino, No. 18-55789 (9th Cir. 2019)* Based on these public benefits, Mr. Bahra is entitled to attorney's fees under Cal. Code of Civ. Pro. 1021.5.

During the pendency of this action, the California Legislature amended Cal. Labor Code § 1102.5 to explicitly allow for attorney's fees. Statutes increasing or decreasing allowable litigation costs, even if silent concerning retroactivity, have been consistently applied to cases pending when the statutes became effective. *Harbor View Hills Cmty. Ass'n v. Torley* (1992) 5 Cal.App.4th 343, 347. Accordingly, Mr. Bahra is entitled to attorney's fees under Cal. Labor Code § 1102.5.

### II.    PROCEDURAL HISTORY

Mr. Bahra filed this action on August 17, 2016. The initial complaint and the amended complaint contained many different claims, however, the gravamen of Mr. Barha's action has always been that the County retaliated against him because he disclosed the system-wide failures.

On October 31, 2017, Defendant filed a motion for judgment on the pleadings, requesting that the Court dismiss the entire action. On January 26, 2018, the Court dismissed all but two of Mr. Bahra's causes of action. The Court did not dismiss Mr. Bahra's 1102.5 action, which formed the core of his claim and entitled him to all of the requested damages.

On April 23, 2018, the County filed a motion for summary judgment. On May 17, 2018, the

1

Court granted Defendant's Motion for Summary Judgment, holding in part, that plaintiff's claims for retaliation under California Labor Code section 1102.5 and 42 U.S.C. § 1983 were barred by claim preclusion and issue preclusion.

On June 14, 2018 Mr. Bahra filed a notice of appeal. On November 13, 2012, the Ninth Circuit heard argument on Mr. Bahra's appeal. On December 30, 2019, the Ninth Circuit issued an opinion affirming in part and reversing in part the granting of summary judgment. The Ninth Circuit reversed the trial court's dismissal of Mr. Bahra's Cal. Labor Code § 1102.5, holding that the Commission's order does not preclude Mr. Bahra's section 1102.5 claim *Bahra v. Cty. of San Bernardino* (9th Cir. 2019) 945 F.3d 1231, 1236. The Ninth Circuit opinion settled any lingering doubts regarding the preclusive effect of negative civil service decision on a whistleblower brining a claim under Cal. Labor Code § 1102.5 and any conflict between the interpretation of *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860 and *Taswell v. Regents of University of California* (2018) 23 Cal.App.5th 343.

After the Ninth Circuit declined the County's request for a hearing en banc, on March 16, 2020, the County brought a motion requesting consideration of the previously filed motion for summary judgment. On April 22, 2020, the Court denied Defendant's motion.

Eight years after the County terminated his employment, Mr. Bahra finally had his day in court. After seven days of trial, the Jury awarded Mr. Bahra every dollar of his requested lost wages, $503,093, and $2,000,000 in noneconomic damages.

## III.    ARGUMENT

### A.    ERIC BAHRA IS ENTITLED TO ATTORNEYS FEES UNDER BOTH CAL. LABOR CODE § 1102.5 AND CAL. CODE OF CIV. PRO. § 1021.5

#### 1.    The Attorney's Fees Provision of Cal Labor Code § 1102.5 Applies to this Case

On January 1, 2021, the current version of Cal Labor Code § 1102.5 became effective. It states the following at section j, :"The court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions." The law is silent as to retroactive application of the attorney's fees provision. "It is an established canon of interpretation

that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent." *Aetna Cas. & Surety Co. v. Ind. Acc. Com*. (1947) 30 Cal.2d 388, 393. However, statutes increasing or decreasing allowable litigation costs, even if silent concerning retroactivity, **have been consistently applied to cases pending when the statutes became effective.** *Harbor View Hills Cmty. Ass'n v. Torley* (1992) 5 Cal.App.4th 343, 347 (emphasis added). *See e.g. Stockton Theatres, Inc. v. Palermo* (1956) 47 Cal.2d 469, 477 (a statute permitting the premium on a surety bond to be included as an item of costs was applied to an action pending at the time of its enactment); *Record v. Indemnity Ins. Co.* (1951) 103 Cal. App. 2d 434, (the court held an amendment to Labor Code section 3856, providing for payment of attorney fees incurred by an employee in actions against a third-party tortfeasor, applied to a judgment on a cause of action which arose prior to the effective date of the enactment); *Olson v. Hickman* (1972) 25 Cal. App. 3d 920, 923 (held statutory changes authorizing fee awards applied to appeals from orders made before their effective dates).

In *Kievlan v. Dahlberg Electronics, Inc*. (1978) 78 Cal. App. 3d 951, 959 the court addressed whether plaintiff, who won a jury trial in 1975, was entitled to attorney's fees under Code of Civil Procedure §1021.5, which became effective January 1, 1978. Following, *Olson v. Hickman* (1972) 25 Cal.App.3d 920, 922, the court held that the award of attorney fees, does not create a new cause of action but rather is ancillary to the underlying cause, and it thus may apply to a pending case even though its effective date was subsequent to the trial date. *Kievlan* 78 Cal.App.3d at 959.

In *California Housing Finance Agency v. E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508, the court addressed whether the plaintiff was entitled to attorney's fees pursuant to Health and Safety Code § 51205 which the legislature amended to included attorney's fees while the action was pending in the trial court. *Id.* at 1512. In responding to the defendant's argument that that because Health and Safety Code section 51205, subdivision (f) is silent with regard to retroactivity, it should be applied only prospectively the court stated the following:

> It has been authoritatively held ( *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal. 2d 450, 455 [20 Cal. Rptr. 321, 369 P.2d 937]) **that a new statute**

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

**authorizing an award of attorney fees applies to actions not yet final at the time the statute becomes effective**. (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal. 3d 917, 931 [154 Cal. Rptr. 503, 593 P.2d 200]; see also *Bradley* v. *Richmond School Board* (1974) 416 U.S. 696 [40 L. Ed. 2d 476, 94 S. Ct. 2006]; *Stockton Theatres, Inc.* v. *Palermo* (1956) 47 Cal. 2d 469, 477 [304 P.2d 7]; *Harbor View Hills Community Assn.* v. *Torley* (1992) 5 Cal. App. 4th 343, 349 [7 Cal. Rptr. 2d 96]; *Kievlan* v. *Dahlberg Electronics, Inc.* (1978) 78 Cal. App. 3d 951, 959 [144 Cal. Rptr. 585]; *Olson* v. *Hickman* (1972) 25 Cal. App. 3d 920, 922-923 [102 Cal. Rptr. 248].)

*California Housing Finance Agency v. E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508, 1513 (emphasis added). Based on the authority cited above the award of attorney fees does not create a new cause of action but rather is ancillary to the underlying cause and therefore the attorney's fees provision of Cal Labor Code § 1102.5 applies to Mr. Bahra's case which was pending when the attorney's fees provision went into effect on January 1, 2021. *See. Kievlan* 78 Cal.App.3d at 959.

> **2.** **Section 1021.5 Attorney's Fees Are Reasonably Deserving Given the Lawsuit's Enforcement of An Important Right Affecting The Public Interest**

In the alternative, the Private Attorney General Doctrine, codified at Cal. Code of Civ. Pro. § 1021.5, provides in essence that a "successful" party may be awarded attorney fees against one or more opposing parties in a civil action which results in the enforcement of an important right affecting the public interest. The doctrine is based on the theory that privately initiated lawsuits are often necessary to enforce public policies. Eligibility for section 1021.5 attorney fees is established when plaintiffs' action "has resulted in the enforcement of an important right affecting the public interest," and (1) "a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons," and (2) "the necessity and financial burden of private enforcement are such as to make the award appropriate" and (3) such fees should not in the interest of justice be paid out of the recovery. *Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214.

> *a)* ***By Exposing CFS's Systemic Failures, a Significant Benefit Has Been Conferred on the Citizens of San Bernardino and All Foster Children in the CFS Foster Care System***

The significant benefit criterion calls for an examination whether the litigation has had a beneficial impact on the public as a whole. This criterion thereby implements the general

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

requirement that the benefit provided by the litigation inures primarily to the public. *Marini v. Municipal Court* (1979) 99 Cal. App. 3d 829, 836.

The Private Attorney General Doctrine is based in part on the supposition that even in cases in which public enforcement is possible, public agencies are often unwilling or incapable because of insufficient staffing to protect important rights. *Hewlett v. Squaw Valley Ski Corp.* (1997) 54 Cal.App.4th 499, 545 ("due to the burdens imposed on public agencies, adequate government enforcement of the laws is not always possible, making private action imperative.") Thus, the extent of the public benefit 'need not be great' to justify an attorney fee award. . . ." *Environmental Protection Information Center v. Department of Forestry & Fire Protection* (2010) 190 Cal.App.4th 217, 234)(the "significant benefit" that will justify an attorney fee award need not represent a "tangible" asset or a "concrete" gain but, in some cases, may be recognized simply from the effectuation of a fundamental… statutory policy"); *Press v. Lucky Stores, Inc.*(1983) 34 Cal.3d 311, 319 (court not required to calculate the exact number of people affected by the litigation).

Here, Mr. Bahra's initial conduct was to inform his managers of systemic failures that resulted in the M children being placed in the home of known abusers. This revelation was not for Mr. Bahra's benefit, but was an attempt to protect foster children. The information should have raised internal concerns regarding the safety of all foster children CFS placed in foster homes. The disclosure, without question, conferred a significant benefit on all foster children in the system. Given the extent of the failures with Maria and Leonardo Rodriguez, the disclosure should have resulted in a revamping of how CFS verifies data when allegations are made on current foster homes. Unfortunately, instead of addressing the failures, the County went to considerable lengths and expended considerable resources inventing reasons to terminate Mr. Bahra.

In addition to seeking damages for wrongful termination, Mr. Bahra's lawsuit sought to bring attention to the system-wide failures that continue to endanger foster children. To this end, Mr. Bahra, along with Ms. Whitehall and Ms. Pena, submitted declarations with the 388 motion to alert the court to the County's fraud. Additionally, the lawsuit generated media attention that illuminated the failures raised by Mr. Bahra. See Declaration of A. Cabral Bonner Exhibits 7-11 for a sampling of the media attention generated by Mr. Bahra's lawsuit. Accordingly, the litigation

conferred a benefit on all the foster children in the CFS system as well as all citizens of San Bernardino County. The general public has an interest in the agency being held accountable for its own wrongdoing. As the court stated in *Robles,* a "central function" of the private attorney general statute is 'to call public officials to account and to insist that they enforce the law.' *Robles v. Employment Development Dept.* (2019) 38 Cal.App.5th 191, 204 (quoting (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 632 .) By blowing the whistle on the systemic failures and by CFS, Mr. Bahra has forced the County to account for its inadequate policies and practices that unlawfully endanger all foster children.

> **b)     By Creating New Ninth Circuit Law, Clarifying that a Negative Outcome at a Civil Service Hearing Does Not Preclude a Whistleblower form Bringing a Civil Action in Federal Court under Cal. Labor Code § 1102.5 Mr. Bahra has Conferred a Significant Benefit on all Future Whistleblowers**

Mr. Bahra's litigation has also conveyed a significant benefit on all future whistleblowers by creating new Ninth Circuit law on the impact of an unfavorable civil service hearing on the ability of a whistleblowing employee to bring a civil action in federal court under Cal. Labor Code § 1102.5. See *Bahra v. County of San Bernardino*, 945 F.3d 1231, 1236-37 (9th Cir. 2019). Prior to this Ninth Circuit decision there was uncertainty as to whether *Taswell v. Regents of the Univ. of California*, 232 Cal. Rptr. 3d 628, 23 Cal. App. 5th 343 (Cal. App. 2018) superseded *Murray v. Alaska Airlines, Inc*., 50 Cal. 4th 860, 114 Cal. Rptr. 3d 241, 237 P.3d 565 (2010) regarding 1102.5 whistleblowers. See *Bahra v. Cty. of San Bernardino* (C.D.Cal. May 17, 2018, No. EDCV 16-1756 JGB (SPx)) 2018 U.S.Dist.LEXIS 228068.) By clarifying this legal conflict, Mr. Bahra's lawsuit has conferred a significant benefit on all whistleblowers who bring actions in federal court under Cal. Labor Code § 1102.5. See *Robles supra* 38 Cal.App.5th at 204 (advancing correct legal interpretation can confer significant benefit.)

> **c)     The Necessity and Financial Burden of Private Enforcement**

The necessity and financial burden requirement encompasses whether the financial burden of private enforcement warrants subsidizing the successful party's attorneys. *Whitley,* 50 Cal.4th at 1214–1215. The financial burden of private enforcement concerns not only the costs of litigation, but also the financial benefits reasonably expected by the successful party. *Id*.

The financial burden criterion of section 1021.5 is thus satisfied when the cost of litigation is disproportionate to the plaintiff's "individual" stake in the matter. *See, Beasley v. Wells Fargo Bank* (1991) 235 Cal.App.3d 1407, 1414. When comparing the cost of litigation to the plaintiff's stake in the matter, courts look to the estimated value of the case at the time vital litigation decisions were being made and not at the plaintiffs' actual recovery after trial. *Whitley,* 50 Cal.4th at 1215. In other words, the inquiry looks forward from the outset of counsel's vital litigation decisions, rather than backward after judgment. This is because the purpose of Section 1021.5 is to encourage public interest litigation by offering the "bounty" of a court-ordered fee and the focus of that incentive is on the point in time when vital litigation decisions are being considered. *Beasley,* 235 Cal.App.3d at 1414.

In "estimating the value" of a case for purposes of Section 1021.5, a two-step process exists wherein the court first determines the monetary value of the "gains actually attained" by the successful litigants. Thereafter, the court "discounts these total benefits by some estimate of the probability of success at the time the vital litigation decisions were made." *Whitley*, 50 Cal.4th at 1215. Thus, the estimated value is compared to actual litigation costs, i.e., the legal fees, deposition costs, expert witness fees, etc., which may have been required to bring the case to fruition.

The court must place the estimated value of the case beside the actual cost and make the value judgment whether it is desirable to offer the bounty of a court-awarded fee in order to encourage litigation of the sort involved in this case. … [A] bounty will be appropriate except where the expected value of the litigant's own monetary award exceeds by a substantial margin the actual litigation costs." *Whitley,* 50 Cal.4th at 1215. In other words, unless the estimated value of the case was sufficient to absorb actual litigation costs and still provide an incentive to litigate, fees may be awarded under section 1021.5. *Id.* at p. 1216, *quoting, Los Angeles Police Protective League v. City of Los Angeles,* (1986) 188 Cal.App.3d 1, 9–10.

In this case, at the time a decision was made to file a lawsuit, Mr. Bahra had lost his civil service hearing and had suffered only $158,561.00[1] in damages. While plaintiff hoped that he

---

[1] See Trial Exhibit 51 and 52 $93,261.00 wage loss 2014 and $65,300.00 wage loss 2015.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

would be able to overcome the civil service hearing by offering evidence related to Jack Anthony's litigation on behalf of the M children that was not knowable at the time of the civil service hearing and by pointing out the failure in the hearing process, this was by no means a foregone conclusion. At the time of bringing the action it was anticipated that the lawsuit would cost $50,000-$75,000 to take the case through trial. See Declaration of A. Cabral Bonner ¶26. Given the prospect of losing at summary judgment due to the civil service outcome, Plaintiff has met the burden set forth in the second prong of the 1021.5 analysis.

### d) Such Fees Should Not In The Interest Of Justice Be Paid Out Of The Recovery

It is well established that the entirety of the section 1021.5 factors are "interrelated" and therefore the financial burden criterion and the 'interests of justice' criterion must be considered together. *Whitley,* 50 Cal.4th at p.1216; *City of Oakland v. Oakland Police & Fire Retirement System* (2018) 29 Cal.App.5th 688; *see also Beasley*, 235 Cal.App.3d at 1417 (noting the interdependence of "financial burden" and the "interest of justice" criterion). Thus, while, generally speaking, "a bounty will be appropriate except where the expected value of the litigant's own monetary award exceeds by a substantial margin the actual litigation costs," *Whitley,* 50 Cal.4th at p.1216, the interrelatedness of the section 1021.5 factors "means the court sometimes should award fees even in situations where the litigant's own expected benefits exceed its actual costs by a substantial margin." *Police Protective League,* 188 Cal.App.3d at p. 10.

Here, Mr. Bahra can meet the "interest of justice" element. Plaintiff's litigation has clearly benefited the public by shining a light on systemic unlawful practices within CFS that resulted in children being placed in the home of a known abuser. See Declaration of A. Cabral Bonner Exhibits 7-11 for a sampling of the media attention generated by Mr. Bahra's lawsuit. Based on exposing the County's wrongdoing, "the interests of justice" weigh significantly more on Plaintiff's side of the scale and therefore payment of his counsel's fees by Defendants, as the rightful wrongdoers is more than reasonably justified. *See, Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 154-157('interest of justice' in offering the 'bounty' of a fee award in order to encourage similar litigation.).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

Thus, having fully satisfied the three designated factors informing the awarding of attorney's fees pursuant to Section 1021.5, Plaintiff respectfully requests this Court to award such fees in order to further Section 1021.5's statutory objective to continue to encourage lawsuits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases. *Graham*, 34 Cal.4th at 565; *Hogar*, 157 Cal. App. 4th at 1364("whether plaintiff has proved each of these criteria is a matter primarily vested in the trial court.").

**B.      SUMMARY OF BACKGROUND, EXPERIENCE, RATES AND LODESTAR SOUGHT**

In *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132, the California Supreme Court stated: "Under *Serrano III* [*Serrano v. Priest* (1977) 20 Cal.3d 25, 48 [141 Cal.Rptr. 315, 569 P.2d 1303]], a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney … involved in the presentation of the case." *Ketchum,* 24 Cal.4th at 1131-1132.  When the prevailing party in entitled to fees, Ninth Circuit, the "customary method of determining the permissible amount of attorneys' fees" is the 'lodestar' method. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)[2]. Under the lodestar method, the district court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen*, 466 F.3d at 746 (internal quotation marks omitted); "The district court may then adjust [the lodestar] upward or downward based on a variety of factors." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). These factors include

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Ballen*, 466 F.3d at 746.

---

[2] *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) was a 42 U.S.C.S. § 1983 case seeking attorney's fees pursuant to 42 U.S.C.S. § 1988, however, based on *Serrano v. Priest* (1977) 20 Cal.3d 25, 48, the same procedure should apply to attorney's fees requests under Cal. Labor Code § 1102.5 and Cal. Code of Civ. Pro. § 1021.5.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

## 1. The Appropriate Total Lodestar Figure in This Case

Here, the total loadstar is $1,218,910.00. This sum is derived by reference to the hours billed and the prevailing rates in the relevant market for similar services in the context of employment rights which are similar to civil rights[3].

In this case, the total requested attorney's fees are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Valerie Ross | 586.8 | $550 | $322,740.00 |
| A. Cabral Bonner | 544.8 | $750 | $408,600.00 |
| Charles A. Bonner | 411.5 | $1000 | $411,500.00 |
| Total | | | $1,142,840.00 |
| Support Staff | | | |
| Calvin Bonner | 10.5 | $225.00 | $2,362.50 |
| Sandra Beltran | 60.2 | $175 | $10,535.00 |
| Matt McCulley | 100.7 | $175 | $17,622.50 |
| | | | $30,520.00 |
| **Fees on Fee Motion** | | | |
| Attorney | Hours | Rate | Total |
| A. Cabral Bonner | 42.6 | $750 | $31,950.00 |
| Charles A. Bonner | 13.6 | $1000 | $13,600.00 |
| Total | | | $45,550.00 |
| **Total Fees** | | | $1,218,910.00 |

## 2. The Requested Hourly Rates Are Appropriate

### a) Case Specific Factors

As set forth in the procedural history, this case consumed a large amount of time and required an immense amount of labor. Defendant filed three dispositive motions, one of which was successful, requiring Mr. Bahra to overcome judgment against him by appealing to the Ninth

---

[3] Many of the cases referenced are civil rights cases, whistleblower cases are similar in that they involve fundamental rights that are for the betterment of society as a whole.

Circuit.

There were novel and difficult issues in this case regarding the impact of the civil service hearing and the legitimacy of Defendant's affirmative defense. As set forth in Mr. Bahra's opposition to summary judgment, and as was borne out by the Jury verdict, Mr. Bahra did not get due process through the civil service hearing. Rather, the hearing officer blindly rubber-stamped the same grounds for termination that the Jury rejected. However, the number of reasons the County provided to support the termination and the complexity of those reasons, made this case particularly challenging.

Mr. Bahra's case requires attorneys skilled in both dependency law and employment law. See Ross Dec. ¶ 5; Charles Bonner Dec. ¶ 6; A. Cabral Bonner Dec. ¶ 24. The issues related to 1102.5 required attorneys with the skill set of the Bonner firm. However, the aspects of the case related to Defendant's affirmative defenses and understanding the dependency law procedures, required an attorney with Ms. Ross skill and experience. *Id.*

Mr. Bahra's attorneys took the case on contingency fee basis and have expended considerable resources to advance the case through trial. The results obtained were excellent. The experience of the attorneys and fees provided in similar cases are discussed below.

### 3. Experience of Plaintiffs' Attorneys
#### a) *Attorney Valerie Ross*

Valerie Ross has been practicing law in California since 1979. Since locating in San Bernardino County, Ms. Ross has established a practice focused on criminal law, family law, dependency law and writs and appeals. She has handled countless criminal and family law trials in San Bernardino County. She has established herself as an expert on writs and appeals and is sought out draft wits and appeals for family law and criminal cases. Ms. Ross has been lead attorney in well over 60 appellate cases, with 8 cases presently active. At any one time, Ms. Ross has from 12 to more than 15 active dependency cases. Presently, she has 18 active dependency cases. See Declaration of Valerie Ross.

Based on her 40 year of experience practicing law, Ms. Ross claims an hourly rate of $550 as a San Bernardino attorney. See *Caldera v. Department of Corrections & Rehabilitation* (2020)

48 Cal.App.5th 601 (A reasonable rate [for a San Bernardino County attorney] is between $450 and $550, before application of any multiplier).

### b) *Attorney Charles A. Bonner*

Charles A. Bonner has been practicing law in the San Francisco Bay Area, with a focus on Civil Rights since 1979. (Charles Bonner Dec. ¶ 4.) He has tried hundreds of cases, including many civil rights, and employment cases throughout California and the nation. Over the last seven (7) years, Mr. Bonner has handled, tried and settled over 100 cases, many of which involved personal injury, whistleblowers and civil rights claims, against municipal entities. *Id.* Recently Mr. Bonner was lead or co-counsel in the following cases: *Brown v. City of Oakland,* et al. Oakland, CA, Top 50 Personal Injury Verdicts in California in 2018; *Grant v. City of Syracuse, et al.,* Syracuse New York, Top 100 Civil Rights Violation Verdicts in the United States in 2018; Top 100 Personal Injury Verdicts in New York in 2018; *Lewis v. Government of the District of Columbia*, Washington DC, Top 100 Labor & Employment Verdicts in the United States in 2018. *Id.* All three of these cases resulted in separate court-awarded attorney's fees. (Charles Bonner Dec. ¶ 4.)

During the course of his over 43 years of practice, Mr. Bonner has been the lead attorney, co-counsel and associate with skilled, knowledgeable and reputable civil rights attorneys such as John Burris, Senator John Edwards, John Scott, Howard Moore, Jr., Oliver Jones, Pamela Price and others. He was elected and served for 10 years on the Board of Directors of the California Trial Lawyers Association, (currently Consumers Attorneys California) and served on the legislative committee for civil rights and employment law. He is also a graduate of the Gerry Spence Trial Lawyers College located in Dubois, Wyoming. See Charles Bonner Dec ¶ 6.

Mr. Charles Bonner is claiming an hourly rate for his services in the amount of $1,000. This rate is consistent with the market rates for attorneys of comparable skill and experience and with Court awards of attorneys' fees in other cases as discussed more fully below. See A. Cabral Bonner Dec Ex 1 Laffey Matrix[4]; Declaration of Charles Bonner Dec ¶ 8; Declaration of A. Cabral Bonner ¶¶ 15-22 (with referenced exhibits); Declaration of Shawn A. Mcmillan ¶¶ 11-22.

---

[4] http://www.laffeymatrix.com/see.html

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

### c)    *A. Cabral Bonner*

A. Cabral Bonner graduated from Stanford Law School in 2006.  In July 2006 he took the California Bar and was admitted to practice Law in California in November 2006. Cabral Bonner is admitted to practice in the United States District Courts for the Northern, Eastern, Central and Southern Districts of California and the United States Courts of Appeals for the Ninth Circuit. See A. Cabral Bonner Dec ¶ 4.

Since starting his practice in November 2006, Cabral Bonner has been practicing law in the San Francisco Bay Area, with a focus on civil rights, employment discrimination, mass tort and personal injury. He has participated in more than 20 trials, including employment, civil rights and personal injury. Recently Mr. Bonner was co-counsel in the following cases: *Brown v. City of Oakland, et al.* Oakland, CA, Top 50 Personal Injury Verdicts in California in 2018; *Grant v. City of Syracuse, et al.,* Syracuse New York, Top 100 Civil Rights Violation Verdicts in the United States in 2018; Top 100 Personal Injury Verdicts in New York in 2018; *Lewis v. Government of the District of Columbia*, Washington DC, Top 100 Labor & Employment Verdicts in the United States in 2018.

A. Cabral Bonner has tried cases before judges and juries as either lead or co-counsel in Alameda County, Contra Costa County, Marin County, Monterey County, Northern District of California, Eastern District of California, Central District of California, District Court for the District of Columbia, and Northern District of New York.

Based on his 15 years in practice, focusing on plaintiff civil rights litigations and his educational background, $750 per hour is a fair and reasonable hourly rate. See A. Cabral Bonner Dec ¶¶ 15-22 (with referenced exhibits); Declaration of Shawn A. Mcmillan ¶¶ 11-22.

### 4.    **Plaintiff's Evidence Sufficiently Establishes the Local Market Rates for Similar Services**

A reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Charlebois v. Angels Baseball LP (*C.D.Cal. 2012) 993 F.Supp.2d 1109*,* 1118. Mr. Bahra provides evidence that the reasonable rate for an attorney with Mr. Charles Bonner's 49-years of experience is between $887-$1230 per hour.

Mr. Bahra provides evidence that the reasonable rate for an attorney with Mr. Cabral Bonner's 15-years of experience is between $603-$855 per hour. As discussed below, Mr. Bahra requests that this court approves an hourly rate of $1,000 per hour or Mr. Charles Bonner and $750 per hour for Mr. Cabral Bonner. See Declaration Of Shawn A. Mcmillan ¶¶ 11-22

a)   *The Laffey Matrix*

The Laffey matrix was first compiled by the D.C. Circuit in *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 241 U.S. App. D.C. 11 (D.C. Cir. 1984). Since then, courts in other circuits have considered the inflation-adjusted matrix as evidence of the reasonableness of requested hourly rates. See, e.g*., Interfaith Cmty. Org. v. Honeywell Int'l, Inc*., 426 F.3d 694, 708-10 (3d Cir. 2005); *N.C. All. for Transp. Reform, Inc. v. United States DOT*, 168 F. Supp. 2d 569, 579 (M.D.N.C. 2001). Mr. Bahra provides the Laffey Matrix as evidence that the hours requested by counsel are reasonable.   *See Smith v. County of Riverside* (C.D.Cal. June 17, 2019, No. EDCV 16-227 JGB (KKx)) 2019 U.S.Dist.LEXIS 170421, at *5.) (Because the Laffey matrix has some tendency to make it more probable that Plaintiff's counsel's hourly rates are in line with those prevailing in the community, it is relevant.)

The Current version of the Laffey Matrix is most relevant to the hourly rates claimed by the Bonners. While the Laffey Matrix was developed in the D.C. Circuit, the following is true regarding the rates it provides:

> Adjusted Laffey rates are valid throughout the nation because the LSI is a national index and the market for complex legal services is national. Resource mobility and low-cost communication combine to make the market for legal services in complex litigation a national market not a local market. Law firms in New York, Philadelphia, Washington, D.C., Chicago, Kansas City, Dallas, *Los Angeles* and San Francisco compete with one another and set the market price (i.e., the billing rate) for complex legal services. Accordingly, updated Laffey billing rates for providing complex legal service are valid nationwide rates.

A. Cabral Bonner Dec Ex 2 Declaration of Michal Kavanaugh (emphasis added).  According to the current version of the Laffey Matrix a reasonable rate for Attorney Charles Bonner, with over 43 years of experience is more than $914[5] and for A. Cabral Bonner with over 15 years of experience

---

[5] The Laffey Martrix tops out at 20+ years.  Charles A. Bonner has twice that many years of experience.

1    is $759. See A. Cabral Bonner Dec Ex 3 Current Laffey Matrix.[6]

2          Further evidence that the requested rate is reasonable comes from *McKibben v. McMahon*,

3    2019 U.S. Dist. LEXIS 34110, *40-41 (C.D. Cal. Feb. 28, 2019).  In *McKibben* this Court found

4    the following regarding the billing rates for civil rights attorneys: "attorneys practicing civil rights

5    litigation with 26-49 years of experience bill adjusted lodestar rates of $887-$1230 per hour; . . .

6    attorneys practicing civil rights litigation with 9-15 years of experience bill adjusted lodestar rates

7    of $603-$855 per hour. . .. *Id* at *40-41.  While *McKibben* was a civil rights class action, the factual

8    basis for the rage of reasonable rates was pulled from a large  the matter was resolved through

9    settlement, not trial. *Id.* at *6-7.   See Declaration of A. Cabral Bonner ¶¶ 16-19; Declaration of

10   Shawn A. Mcmillan ¶¶ 11-22. The rate requested by the Bonners are in the middle of the ranges

11   set forth in the *McKibben* case.

12          Additionally, the survey of attorney's fee awards set out in the Declaration of A. Cabral

13   Bonner provide further evidence that the rates requested by the Bonners are reasonable and

14   consistent with rates provide to other civil rights attorneys practicing in the Central District. See

15   Declaration of A. Cabral Bonner ¶ 19 (rates for attorneys with 15 years of experience in 2020

16   dollars $759 -$855). These rates are lower than commercial rates. See Declaration of A. Cabral

17   Bonner ¶ 20  (rates for attorneys with 19+ years of experience $902-$1,121. Rates for attorneys

18   with 13-16 years of experience $855-$1,073) Again, the rates requested by the Bonners are well

19   withing the commercial rates for attorney with similar years of experience.  See Declaration of

20   Shawn A. Mcmillan ¶¶ 11-22.

21          Further evidence that these rates are reasonable comes from prior awards. In 2018, Mr.

22   Charles Bonner requested and received a rate of $700 and A. Cabral Bonner requested and received

23   $550 per hour in an Attorney's Fees motion in the *case Brown v. City of Oakland,* et al. Alameda

24   County Superior Court Case No: RG16811619.  See Charles Bonner Dec ¶ 8; A. Cabral Bonner

25   Dec.  ¶ 8. The Bonners also recently received court awarded attorney's fees in *Grant v. City of*

26   *Syracuse, et al.,* 5:15-CV-00445 (DNH-TWD); *Lewis v. Government of the District of Columbia,*

27

28   _____

[6] http://www.laffeymatrix.com/see.html

Case No. 15-cv-521 (JEB). *Id.*

2

3     Plaintiff presents evidence that the reasonable rate for an attorney Charles Bonner is $1,000

4     and A. Cabral Bonner is $750 per hour. See Declaration of A. Cabral Bonner ¶¶ 15-22 (with

      referenced exhibits).  See Declaration of Shawn A. Mcmillan ¶¶ 11-22.

5                    **5.       The Number of Hours Claimed Is Reasonable**

6         Under California law counsel for the prevailing party should be paid for all time reasonably

7     expended. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989), *Serrano v. Unruh (Serrano IV)* (1982)

8     32 Cal. 3d 621, 639, *Stokus v. Marsh* (1990) 217 Cal. App. 3d 647, 654-56, *Wallace v. Consumers*

9     *Coop. of Berkeley* (1985) 170 Cal. App. 3d 836, 846-49. Prevailing parties are entitled to recover

10    reasonable attorneys' fees for every item of service that would have been undertaken by a

11    reasonable and prudent lawyer to advance or protect his client's interest. *Hensley v. Eckerhart*, 461

12    U.S. at 435; (*Serrano IV*), 32 Cal. 3d at 639.  Our Supreme Court has explained that an attorney fee

13    award "should be fully compensatory" and, absent "circumstances rendering the award unjust, an

14    … award should ordinarily include compensation for *all* the hours *reasonably spent*, including

15    those relating solely to the fee." *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133. With respect to

16    the number of hours billed, "[b]y and large, the court should defer to the winning lawyer's

17    professional judgment as to how much time he was required to spend on the case; after all, he won,

18    and might not have, had he been more of a slacker." *Moreno, supra*, 534 F.3d at 1112.

19        Indeed, "lawyers are not likely to spend unnecessary time on contingency fee cases in the

20    hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the

21    fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in

22    churning." *Moreno,* supra, 534 F.3d at 1112. This is true here. Plaintiff's Counsel litigated this case

23    in a reasonable, efficient, and appropriate manner. (See Charles Bonner Dec ¶ 12; A. Cabral Bonner

24    Dec ¶¶ 23-24).

25        In addition to the time spent litigating this case in federal court,  Attorney Ross spent

26    significant time representing Mr. Bahra through the required process of exhausting his

27    administrative remedies.  See *Taswell supra* 23 Cal.App.5th at 362 (an employee seeking to pursue

28

a claim for damages in court for a violation of … Labor Code section 1102.5 … must exhaust administrative remedies before filing suit). While a negative finding at the civil service hearing did not preclude bringing a civil action, Mr. Bahra was still required to go through the process of exhausting his administrative remedies. The pre-litigation hours requested by Attorney Ross related to exhausting administrative remedies are therefore recoverable because they were essential to Mr. Bahra's ability to file the civil action. *See Hensley supra* 461 U.S. at 435. Further, the time spent on the civil service hearing was necessary discovery that was used at length during the civil action.

To prove the time spent on this matter, the attorneys have submitted detailed time records, detailing the date, activity and time spent on each litigation task. (See Charles Bonner Dec Ex 1, Valerie Ross Dec Ex. 1; A. Cabral Bonner Dec Ex. 1) In this case, as set forth in the attorney's declarations, efforts were made to ensure the hours were correct and only count for hours spent on litigation matters. (See Charles Bonner Dec ¶ 12; A. Cabral Bonner Dec ¶¶ 23-24) While there were three attorneys involved, the attorneys split up the work. For example, A. Cabral Bonner and Valerie Ross took the majority of the depositions. Charles A. Bonner did the majority of the work on the motion for judgment as a matter of law. A. Cabral Bonner did the majority of the work on the motion for summary judgment. Valerie Ross did the majority of the work on the appeal. To the extent that there is some overlap, for example at trial, some overlap is acceptable. Further, while the Bonners have significant trial experience in federal court, they were entirely dependent on Ms. Ross for understanding juvenile dependency law and the history of what transpired between Mr. Bahra and the County. Each member of the team was essential to the outcome. (See Charles Bonner Dec ¶ 13, A. Cabral Bonner Dec ¶ 24)

As a general rule, the evidence provided here is sufficient. An attorney's verified time statements are entitled to credence in the absence of a clear indication the records are erroneous. *Sandler Partners, LLC v. Masergy Communs., Inc.*, 2020 U.S. Dist. LEXIS 246269, at *8 (C.D. Cal. Sep. 30, 2020)(citing *Horsford v. Board of Trustees of California State University*, 132 Cal.App.4th 359, 396 (2005)). An attorney's sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required. *Blackwell v. Foley*, 724 F.

Supp. 2d 1068, 1081 (N.D. Cal. 2010).

Accordingly, Plaintiff is reasonably entitled to compensation for the following total adjusted hours billed:

| Attorney | Litigation Hours | Hours on Fees Motion | Total Adjusted Hours Requested |
|---|---|---|---|
| Valerie Ross | 586.8 | | 586.8 |
| A. Cabral Boner | 544.8 | 42.6 | 587.4 |
| Charles A, Bonner | 411.5 | 13.6 | 425.1 |
| Total | | | 1599.3 |

### 6.    Loadstar Multiplier Requested

In addition to the loadstar, Plaintiff's counsel requests a 1.5 multiplier based on the following factors: (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the contingent nature of the fee award. The Supreme Court in *Ketchum, supra*, 24 Cal.4th 1122, emphasized that generally the rationale for applying a multiplier to a lodestar amount is to compensate a skilled attorney who voluntarily assumes a contingent risk of nonpayment at the outset of his or her representation of the client. "[T]he purpose of a fee enhancement is *primarily* to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment in contingency cases as a class." *Id*. at p. 1138.

In this case, Plaintiff's counsel overcame twelve allegations of misconduct; the loss of Mr. Bahra's civil service hearing; a motion for judgment on the pleadings; dismissal of the entire action on a motion for summary judgment; a Ninth Circuit appeal; granting of the motion to exclude his expert witness; and six years of litigation against the County to obtain a $2.5 million dollar Jury verdict. The Jury awarded every dollar of lost wages requested by Mr. Bahra and provided reasonable non-economic damages of $2,000,000. Mr. Bahra and his counsel had to overcome the testimony of multiple law enforcement officers, all of whom who supported the County's position that it terminated Mr. Bahra's employment based on legitimate business reasons. Law enforcement officers are often given substantial deference and Mr. Bahra and his attorneys overcame that deference. Mr. Bahra had to rely on individuals who were his friends and co-workers. As pointed

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

out by opposing counsel, such witnesses had built in incentives to provide helpful testimony to Mr. Bahra. Finally, Mr. Bahra and his attorneys faced a defendant who could literally produce any document at any time and claim that document proved their factual assertion. For example, the documents related to Ms. Pena's employment and the documents the County alleged proved that several referrals were unfounded were never produced during discovery in this case.

Mr. Bahra's attorneys took this case on a contingency fee basis. Ms. Ross has been litigating the case for Mr. Bahra since 2014. The Bonners joined in 2016. For more than five years, the attorneys litigated with the expectation of a contingency fee. This includes the time spent on the Ninth Circuit appeal. As the court has stated, "[t]he purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important constitutional rights. *Ketchum supra* 24 Cal.4th at 1132. While not an issue of a "constitutional" right, Mr. Bahra's case was based on the fundamental right to hold government accountable for fraud, waste and abuse. Further, Mr. Bahra made the disclosures that resulted in the County terminating him, in an effort to protect the most vulnerable members of society.

Based on the forgoing, the outcome of this trial is worthy of a multiplier.

Below are the requested fees with the multiplier:

| Attorney | Hours | Rate | Total | Total with Multiplier |
|---|---|---|---|---|
| Valerie Ross | 586.8 | $550 | $322,740.00 | $484,110.00 |
| A. Cabral Bonner | 544.8 | $750 | $408,600.00 | $612,900.00 |
| Charles A. Bonner | 411.5 | $1,000 | $411,500.00 | $617,250.00 |
| Total | | | | $1,714,260.00 |
| Support Staff | | | | |
| Calvin Bonner | 10.5 | $225 | $2,362.50 | $3,543.75 |
| Sandra Beltran | 60.2 | $175 | $10,535.00 | $15,802.50 |
| Matt McCulley | 100.7 | $175 | $17,622.50 | $26,433.75 |
| Total | | | | $45,780.00 |
| **Fees on Fee Motion** | | | | |

| | | | | |
|---|---|---|---|---|
| A. Cabral Bonner | 42.6 | $750 | $31,950.00 | $47,925.00 |
| Charles A. Bonner | 13.6 | $1000 | $13,600.00 | $20,400.00 |
| Total | | | | $68,325.00 |

C.     ERIC BAHRA IS ENTITLED TO COSTS

Mr. Bahra is entitled to taxable costs and has filed an Application to the Clerk to tax costs along with this motion.

## IV.    CONCLUSION

For the above reasons, Plaintiff's motion for prevailing party attorney's fees and costs should be granted. As discussed above, based on several factors as explained in *Ketchum* a multiplier should be applied to the pre-settlement lodestar fee. Plaintiff suggests a 1.5 multiplier.

DATED: October 25, 2021              RESPECTFULLY SUBMITTED

*/S/ A. Cabral Bonner*
A. Cabral Boner
Attorney for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS